IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. RAYMOND GARFIELD BUTLER, *Defendant*. | Crim. No. ELH-08-0442 (Related Civil No.: ELH-13-3804) |

**MEMORANDUM**

On October 1, 2018, Raymond Butler, a federal prisoner, filed a motion under F.R. Civ. P. 59(e) (ECF 276), asking this Court to reconsider its ruling of August 14, 2018 (ECF 274), which addressed Butler's prior motion under F.R. Civ. P. 60(b) (ECF 253). The Rule 60(b) motion pertained to the rulings by Judge J. Frederick Motz in March of 2014 (ECF 232; ECF 273; ECF 274), denying Butler's post-conviction petition under 28 U.S.C. § 2255 (ECF 226; ECF 229).[1]

No hearing is necessary. I am satisfied that there is no basis for relief, either under Rule 59(e) or Rule 60(b).

**I. Background**

As mentioned, in March 2014, Judge Motz denied Butler's post-conviction petition. ECF 232; ECF 273; ECF 274. Thereafter, Butler appealed Judge Motz's ruling to the Fourth Circuit. ECF 244. Subsequently, the Fourth Circuit remanded for the limited purpose of permitting the District Court to address the matter of a certificate of appealability ("COA"). ECF 238. Judge

---

[1] As I noted in ECF 274, Judge Motz's Order of March 14, 2014, was filed in the criminal case (ECF 232), but the accompanying Memorandum of March 14, 2014, was initially filed only in the corresponding civil case. Therefore, I directed the Clerk to docket the Memorandum in the criminal case. *Id.*; *see* ECF 273. And, the Order was again docketed in the criminal case, at ECF 274.

Motz thereafter denied a COA (ECF 240), and he also denied Butler's earlier motion to alter or amend judgment. ECF 239; ECF 241.

Again, Butler appealed. ECF 244. The Fourth Circuit dismissed the appeal and denied a COA on September 22, 2014. ECF 247. The mandate issued on December 24, 2014. ECF 250.

On February 10, 2016, Butler filed a motion under Fed. R. Civ. P. 60(b). ECF 253. In sum, he complained about Judge Motz's ruling with regard to his § 2255 petition. *Id.* The case was reassigned to me in early 2018, and I denied that motion on August 14, 2018. ECF 274.

On October 1, 2018, Butler filed another motion to reconsider, this time under Rule 59(e). That motion is pending.[2]

## II. Discussion

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2–4 (4th

---

[2] On September 11, 2018, the Fourth Circuit denied Butler's petition for a writ of mandamus concerning the Rule 60(b) motion. *See* ECF 275.

2

Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015).

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S.

1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Moreover, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 171 (3d ed. 2012) ("WRIGHT & MILLER") ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also* 11 WRIGHT & MILLER § 2810.1 at 156–57 (noting the same).

Fed. R. Civ. P. 60(b) is captioned "Relief from a Judgment or Order." Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

For relief under Rule 60(b), plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(c) governs the timing for filing of a Rule 60 motion. As to reasons 1, 2, and 3, the motion must be filed within a year after entry of judgment. Otherwise, such a motion must be made "within a reasonable time. . . ."

"[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995). In *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962), the court stated: "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under that Rule."

As I see it, Butler provides no grounds for relief, either under Rule 59(e) or Rule 60(b). Consequently, I shall deny the Motion (ECF 276). A certificate of appealability is not warranted. An Order follows.

Date: October 10, 2018  /s/
Ellen L. Hollander
United States District Judge